■ In the Matter of ERIKA M. KATHLEEN NUGENT et al., Appellants; MARY ELLEN S. et al., Respondents. (Proceeding No. 1.) In the Matter of MICHAEL M. KATHLEEN NUGENT et al., Appellants; MARY ELLEN S. et al., Respondents. (Proceeding No. 2.) — In proceedings pursuant to article 10 of the Family Court Act, to adjudicate Mary Ellen S. an abused child and Michael M. a neglected child, the petitioner and the Law Guardian appeal from (1) an order of the Family Court, Rockland County (Weiner, J.), dated January 19, 1983, which after a hearing, dismissed the petitions as against respondent Mary Ellen S., and (2) from an order of the same court dated January 27, 1983, which, after a hearing dismissed the petitions as against respondent Joseph M. Orders reversed, without costs or disbursements, and proceedings remitted to the Family Court, Rockland County, for further proceedings consistent herewith. The determinations of the Family Court dismissing the petitions are defective in that the Trial Judge failed to comply with subdivision (c) of section 1051 of the Family Court Act, which requires that the court set forth the reasons for its determinations (see *Matter of Tashyne L.,* 53 AD2d 629, 630;

see, also, CPLR 4213, subd [b]). Accordingly, the matter must be remitted to the Family Court for a statement of the facts it deemed essential to its determinations as to both respondents. We note further that there is an ambiguity in the .action taken by the Family Court Judge which requires clarification upon remittitur. The petitions filed against respondents charged failure to provide proper supervision and infliction of harm by use of corporal punishment as to both children, and sexual abuse as to the daughter. At the completion of petitioner's case, the court dismissed the allegations charging failure to provide proper supervision, and reserved decision with respect to the remaining charges. On the adjourned date, 19 days later, and prior to the commencement of respondents' cases, counsel requested a decision with respect to the remaining charges, and the motion to dismiss with respect to those changes was denied. Respondent Mary Ellen S. then presented her case. After all her proof was presented, the court dismissed the remaining charges of the petitions as against Mary Ellen S., finding not that petitioner had failed to prove her case by a fair preponderance of the evidence but that petitioner had failed to prove a prima facie case as to Mary Ellen S. Thus, there is an uncertainty as to what conclusion the Judge actually reached with respect to the evidence as against Mary Ellen S., which must be clarified upon remittitur. We have considered appellants' other contentions and find them to be without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.