■ In the Matter of LAUREN KK., Alleged to be an Abused Child. ROCKLAND COUNTY CHILD PROTECTIVE SERVICES, Respondent; PANAGOULA KK., Appellant. ARLEEN LEWIS, as Law Guardian, Appellant.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Warren, J.), entered March 22, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

At issue on this appeal is whether Family Court erred in finding that respondent sexually abused her young daughter and in placing custody of the child with her father for 12 months. Family Court Act § 1046 (a) (vi) provides that in child protective proceedings, unsworn out-of-court statements of the victim may be received and, if corroborated by any other evidence tending to support their reliability, such statements will support a finding of abuse or neglect (Matter of Nicole V., 71 NY2d 112, 117-118).

The corroboration of the victim's out-of-court statements in this case consisted of the testimony of two experts. One expert, a clinical psychologist trained and experienced in the area of child sexual abuse, saw the child on four occasions and had the opportunity to witness interaction between respondent and the child. This expert was of the opinion that the child had been sexually abused by respondent, and she testified as to the basis for this opinion, which included discussions with the child while using anatomically correct dolls. The second expert, a psychiatrist specializing in child and adult psychiatry, was hired by the child's father and saw the child on one occasion. He, too, was of the opinion that the child had been sexually abused by respondent. He was firm in his opinion that the child had been abused, but as to whether respondent was the abuser, he conceded that his evaluation was incomplete because he was unable to speak with respondent or witness the interaction between respondent and the child.

Expert testimony of this nature can constitute the required corroborating evidence (see, e.g., Matter of Nicole V., supra, at 121; Matter of Dutchess County Dept. of Social Servs. [Kerri K.], 135 AD2d 631, lv denied 72 NY2d 802; Matter of Linda K., 132 AD2d 149, lv denied 70 NY2d 616), and the fact that one of the experts was hired by the child's father did not disqualify him from offering corroborating evidence (see, Matter of Nicole V., supra, at 122). The alleged infirmities in the experts' testimony raised by the Law Guardian on this appeal

were adequately exposed and explored during the cross-examination of the experts and presented a question of credibility which Family Court resolved in petitioner's favor. Based on our review of the record, we find no basis for disturbing Family Court's resolution of this credibility issue. Our review of the record also establishes that Family Court's finding of abuse is supported by the necessary preponderance of the evidence (Family Ct Act § 1046 [b] [i]) and, therefore, the finding will not be disturbed.

The Law Guardian also objects to the dispositional order, alleging that it was based on incomplete and flawed reports that failed to provide an accurate picture of the child's home situation. Although no single witness at the dispositional hearings presented a full and up-to-date report of the status of the family and the child's need for protection, the cumulative evidence, considered as a whole, provided a sound and substantial basis for Family Court's decision. Accordingly, there is no basis for disturbing the disposition ordered by Family Court.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.