■ In the Matter of KYESHA A., Alleged to be an Abused and Neglected Child. ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, Respondent; GLORIA B., Appellant. (And Two Other Related Proceedings.)— Weiss, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered February 26, 1990, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's grandchild to be neglected.

On August 4, 1989 respondent, the maternal grandmother, left Kyesha A. (age five) with a certified day care provider and made provisions to return for the child in 2 to 4 days. When respondent failed to return, the child was removed pursuant to Family Court Act § 1028. Petitioner's investigation located respondent in a shelter in Vermont. Further investigations determined that respondent did not have legal custody and that the child had been taken without permission of her mother, who herself was a minor and had been abandoned as a baby; that respondent had prostitution charges pending in Canada; that respondent and the child lived an itinerant life;

and that the child had been subject to sexual abuse in the past. After extended hearings, Family Court concluded that the child was a neglected child. Respondent appeals.

A significant portion of respondent's argument on this appeal is directed to the preponderance of the evidence and the interpretation of evidence. However, Family Court failed to make any findings of fact essential to its conclusion of neglect as required (see, CPLR 4213 [b]; Family Ct Act § 1051; *Matter of Lisa S.,* 142 AD2d 973; *Matter of Erika M.,* 97 AD2d 847; see also, *Matter of Jose L. I.,* 46 NY2d 1024, 1025-1026). Accordingly, the matter must be remitted to Family Court for a detailed statement of the facts it deemed essential to its determination.

Casey, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the decision is withheld, and the matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this court's decision.