■ In the Matter of ANITA U. and Others, Alleged to be Abused and Neglected Children. MARY CARNAL, as Commissioner of the Tompkins County Department of Social Services, Respondent; ANTHONY U., Appellant.—Mahoney, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 2, 1989, which granted that part of petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused.

In June 1989, petitioner filed an abuse and neglect petition alleging that respondent sexually abused two of his minor children, Clarissa, age four and Bobbie Sue, age 20 months, and seeking an order adjudicating his three children and one stepchild to be abused and neglected children within the meaning of Family Court Act § 1012.[1] Following a fact-finding hearing, Family Court cursorily concluded that respondent had engaged in sexual intercourse with both children, "a sex offense defined by Penal Law section 130.35 as rape in the first degree", and upheld the abuse petition. Respondent appeals.

Family Court's findings are cursory and fail to set forth the grounds for its decision in the detail required by Family Court Act § 1051 (a) *(see, Matter of Kyesha A.,* 176 AD2d 381, 382; *cf.,* CPLR 4213 [b]). We nevertheless conclude that while effective appellate review, particularly in the sensitive area of child abuse, requires that appropriate factual findings be made by Family Court, the court best able to observe and weigh the credibility of witnesses, and that such responsibility should not be shirked by the recitation, as herein, of ultimate conclusions *(see, Matter of Jose L. I.,* 46 NY2d 1024, 1025-1026), remittal to Family Court is unnecessary because the exercise of our factual review power discloses ample evidence to support Family Court's conclusion that respondent sexually abused Clarissa and Bobbie Sue.

The gravamen of respondent's claims on appeal is that Family Court's determination that Clarissa and Bobbie Sue were sexually abused and that he was the abuser is not supported by the requisite evidentiary standard. We disagree. Despite respondent's contentions to the contrary, the testimony of Clarissa's pediatric speech therapist, that of the two children's foster mother regarding their actions and behavior and the physical appearance of their perineal areas, the notations contained in petitioner's records of several instances where Clarissa was seen acting out sexual behavior, and the medical reports of various examining physicians admitted into evidence which contain unrefutable physical proof that the children had been sexually violated, both vaginally and rectally, overwhelmingly establish the fact of sexual abuse herein *(see, e.g., Matter of Estina W. [Leon H.],* 181 AD2d 554; *Matter of Lauren KK. [Panagoula KK.],* 175 AD2d 393; *Matter of Starr H.,* 156 AD2d 1025, 1025-1026; *Matter of Jesse S. [Joseph S.],* 152 AD2d 581).

---

1. The proceeding was initially brought against respondent and his wife. The allegations against her were severed prior to the fact-finding hearing and the matter proceeded against respondent alone.

Likewise, we believe that the evidence is sufficient to establish that respondent was the perpetrator of these acts. Essentially, respondent claims that the only evidence connecting him to these acts is the hearsay testimony of Clarissa which is not corroborated. We disagree. Here not only was evidence submitted establishing that respondent previously had been criminally convicted of the crime of endangering the welfare of a child arising out of the sexual abuse of his eldest daughter, Anita (who also is a subject of the instant proceeding), but testimony was also elicited from Clarissa's speech therapist regarding the circumstances under which Clarissa revealed the abuse to her, the fearful behavior she displayed when any discussion of "daddy" arose, her unwillingness to articulate the word "daddy" and her withdrawn emotional condition. Such evidence is sufficient to establish a prima facie case against respondent *(see, e.g., Matter of Nicole V.,* 71 NY2d 112, 122). In assessing the reliability and credibility of Clarissa's testimony, it is significant to note her young age and the fact that she gave consistent statements about being abused by respondent to different individuals at different times *(see, Matter of Estina W., supra; Matter of Starr H., supra,* at 1025; *Matter of Joanne P.,* 144 Misc 2d 754, 759). With regard to respondent's contention that he lacked access to Bobbie Sue during the period from June 13, 1989 through June 30, 1989 when she was physically violated, countervailing evidence was presented at the hearing and Family Court evidently decided this credibility question against respondent. Inasmuch as it cannot be said that this finding is clearly erroneous, we are disinclined to interfere with that conclusion in this instance.

While we agree with Family Court that sufficient evidence was adduced to establish that Clarissa and Bobbie Sue were abused children within the meaning of Family Court Act § 1012 (e) (iii), the record is completely devoid of *any* evidence that Anita or respondent's stepchild, John, were similarly abused *(see, Matter of Starr H., supra,* at 1026; *Matter of Cindy B.,* 122 Misc 2d 395, 397-398).[2]. While this failure of proof renders it error for Family Court to have adjudicated Anita and John to be abused children, in our view proof of respondent's abuse of Clarissa or Bobbie Sue is sufficient, under these particular circumstances, to establish that Anita and

2. The only evidence of sexual abuse of Anita was respondent's admission of a 10-year-old criminal conviction of endangering the welfare of a child, which evidence, because of its lack of proximity in time to the date of the neglect proceeding is insufficient to establish abuse in this proceeding *(cf., Matter of Daniel C.,* 47 AD2d 160, 164).

John are neglected children within the meaning of Family Court Act § 1012 (f) (i) (B) *(see, Matter of Christina Maria C.,* 89 AD2d 855). Because of the nature of the acts perpetrated by respondent upon Clarissa and Bobbie Sue, and his history of prior similar acts performed upon Anita, there clearly is a substantial risk that the mental, emotional or physical condition of Anita and John is in imminent danger of being impaired.

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as adjudicated Anita and John to be abused children within the meaning of Family Court Act § 1012 (e) (iii); said children are adjudicated to be neglected children within the meaning of Family Court Act § 1012 (f) (i) (B); and, as so modified, affirmed.

