■ In the Matter of Keala XX., a Child Alleged to be Abused. St. Lawrence County Department of Social Services, Respondent; Craig XX., Appellant. [629 NYS2d 331] —Crew III, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered August 26, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Petitioner commenced this proceeding alleging that respondent had sexually abused his daughter, Keala (born in 1989), during two weekend visitations in August 1992 and September 1992, respectively. A fact-finding hearing was conducted in February 1993, at which respondent appeared and testified, and Family Court, although characterizing the testimony offered by petitioner's validation expert as "almost valueless", ultimately concluded that petitioner had established by a preponderance of the evidence that respondent had sexually abused Keala. Following a dispositional hearing Family Court, *inter alia*, placed respondent under petitioner's supervision. This appeal by respondent followed.

In accordance with Family Court Act § 1046 (a) (vi), a child's out-of-court statements relating to abuse or neglect may be

introduced into evidence and, if sufficiently corroborated, will support a finding of abuse or neglect. In this regard, the statute provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (*id.*), and we acknowledge that Family Court is vested with broad discretion to determine whether the corroboration requirement has been met (*see, Matter of Jessica Y.*, 206 AD2d 598, 600; *Matter of Kelly F.*, 206 AD2d 227, 228). Here, however, notwithstanding the deference traditionally accorded Family Court's findings in this regard, we are constrained to conclude that Keala's out-of-court statements were not sufficiently corroborated and, as such, Family Court's finding of abuse cannot stand.

Although "validation testimony from an expert investigating the allegations of sexual abuse is sufficient to corroborate an abused child's statements" (*Matter of Vincent I.*, 205 AD2d 878, 879), the testimony offered by John Nixon, petitioner's expert, was of little, if any, value. In this regard, we note that although Nixon indeed opined that Keala had been sexually abused, the record reveals that Nixon failed to recall much of what transpired during his interview with Keala. Additionally, the videotapes of this interview demonstrate that Nixon, who allowed Keala's mother and stepfather to remain during the interview and who permitted discussion and clarification of certain issues surrounding the alleged abuse in the child's presence, elicited very little information from Keala. Finally, to the extent that Nixon relied upon a behavioral checklist completed by Keala's mother, it is apparent from our review of the record that Nixon failed to adequately explore many of the responses given to the questions posed by the checklist.

In sum, we find Nixon's validation testimony woefully insufficient to corroborate Keala's statements. As to other evidence in the record, although Keala did repeat the allegations of abuse to several people, mere repetition is not sufficient to corroborate a child's prior statement (*see, Matter of Nicole V.*, 71 NY2d 112, 123). Additionally, although medical evidence which supports an allegation of sexual abuse may provide sufficient corroboration (*see, Matter of Jessica Y., supra*), there was no medical testimony or documentary evidence in the record to support the contention that Keala's genital rash was the result of sexual activity with respondent. Accordingly, we must conclude that petitioner failed to meet its burden of establishing, by a preponderance of the evidence, that respondent sexually abused Keala. The petition, therefore, must be dismissed. In light of this conclusion, we need not address the remaining arguments advanced on appeal.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.