■ In the Matter of ZACHARIAH VV. and Others, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICKY VV., Appellant. [691 NYS2d 631] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered September 8, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to, *inter alia,* adjudicate Zachariah VV. an abused child.

The amended petition in this proceeding, alleging (as relevant to this appeal) that respondent committed child abuse and neglect with respect to his adopted son, Zachariah VV. (hereinafter the child) (born in 1988), is primarily based upon the child's hearsay allegations that on more than one occasion respondent touched his penis and buttocks while he was in the bathtub and threatened him with harm if he told anyone of the touching. After a fact-finding hearing, Family Court made a finding that the child had been neglected and abused by respondent. Respondent now appeals from the dispositional order entered thereon.*

As a threshold matter, we note that respondent's primary contention, i.e., that the "Yuille protocol" is an improper method of verifying hearsay allegations of child abuse, entirely misses the mark. The fact is that Family Court refused to recognize petitioner's validation witness as an expert and prohibited her from expressing an opinion as to whether the child had been sexually abused. The real inquiry, which we shall deem to be implicit in the contention advanced by respondent, is whether the child's out-of-court statements were sufficiently corroborated by any of the lay evidence adduced at the fact-finding hearing. .

---

* We note that although Family Court's adjudication was based on separate findings of sexual abuse and excessive corporal punishment, respondent's brief challenges only the findings of sexual abuse. Accordingly, the findings of corporal punishment will not be discussed and so much of Family Court's order as is based thereon will not be disturbed.

Fundamentally, although "previous statements made by [a] child relating to any allegations of abuse or neglect [are] admissible in evidence", such statements must be corroborated in order to "be sufficient to make a fact-finding of abuse or neglect" (Family Ct Act § 1046 [a] [vi]). Further, while a child's "out-of-court statements may be corroborated by '[a]ny other evidence tending to support' their reliability" (*Matter of Nicole V.*, 71 NY2d 112, 118, quoting Family Ct Act § 1046 [a] [vi]), there is a threshold of reliability that the evidence must meet (*see, Matter of Jessica Y.*, 206 AD2d 598, 600). Finally, we note that any determination that a child is abused or neglected must be based on a preponderance of the evidence presented in a fact-finding hearing (*see,* Family Ct Act § 1046 [b] [i]), where only "competent, material and relevant evidence may be admitted" (Family Ct Act § 1046 [b] [ii]).

Applying the foregoing principles to the facts of this case, we first note our disagreement with Family Court's apparent conclusion that the child's out-of-court statements were sufficiently corroborated by virtue of the fact that, during the ensuing investigation, the child repeated his story with consistency to several different people at different times. In fact, the Court of Appeals has explicitly held that "repetition of an accusation by a child does not corroborate the child's prior account of it" (*Matter of Nicole V., supra,* at 124; *see, Matter of Kelly F.,* 206 AD2d 227). We are also unpersuaded that the record contains other evidence sufficient to satisfy the reliability threshold. To the contrary, we conclude that none of the evidence introduced by petitioner, individually or in combination with other evidence, provides the measure of reliability necessary to corroborate the child's statements. The proffered testimony as to the child's instances of sexualized behavior and that he became increasingly nervous in the presence of respondent, did not relate well to others, avoided eye contact, and startled easily strikes us as highly ambiguous, particularly in the absence of any expert opinion connecting this evidence with the alleged sexual abuse (*see, Matter of Keala XX.,* 217 AD2d 745, 746). Absent such a connection, petitioner has given us no reliable means of distinguishing apparently normal traits of a shy young boy from professionally recognized indicators of sexual abuse.

Based upon our conclusion that petitioner failed to satisfy its burden of producing evidence which tended to support the reliability of the child's out-of-court statements, we are constrained to annul so much of Family Court's adjudication as is predicated on findings of sexual abuse. Respondent's contention that

he was denied due process by Family Court's refusal to grant him an adjournment for the purpose of producing an expert to testify as to the effect of the child's attention deficit disorder on the truthfulness of his allegations of sexual abuse is thereby rendered academic.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as was based upon Family Court's findings of sexual abuse; amended petition dismissed as relating to said charge; and, as so modified, affirmed.