■ In the Matter of HEIDI CC., Alleged to be an Abused and Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN DD., Appellant. [703 NYS2d 593] —Graffeo, J. Appeal from an order of the Family Court of Clinton County (Ryan, J.), entered November 23, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

Respondent and her daughter, born in 1983, moved from New York to the Province of Quebec in Canada to live with respondent's fiancé. Several months later, the child gave a written statement to Canadian police claiming that respondent's fiancé had sexually abused her. Canadian social services authorities took custody of the child and placed her with a foster family, apparently because respondent continued to reside with her paramour. After returning to New York, respondent voluntarily placed her daughter in petitioner's custody in March 1998 and subsequently agreed to foster care placement for the child.

In June 1998 petitioner commenced this proceeding against respondent and her fiancé alleging abuse and neglect of respondent's daughter.* At the conclusion of the fact-finding hearing, Family Court determined that respondent abused her daughter by allowing her fiancé to sexually abuse the child. Respondent was also found to have neglected the child based on respondent's failure to plan or be involved in parental obligations related to her daughter after relinquishing care of the child to petitioner. Respondent now appeals.

---

* Respondent's fiancé defaulted in appearance.

Initially, we find no impediment to Family Court entertaining the abuse and neglect petition despite petitioner's custody of the child through a voluntary agreement. Respondent cannot insulate herself from abuse and neglect proceedings by requesting that petitioner care for her child.

We next address the sufficiency of the evidence presented with respect to the abuse allegations against respondent. It is well settled that a finding of abuse must be supported by a preponderance of the evidence (*see, Matter of Tanya T.*, 252 AD2d 677, 678, *lv denied* 92 NY2d 812) and while previous statements of a child are admissible, such statements must be corroborated (*see,* Family Ct Act § 1046 [a] [vi]; *Matter of Zachariah VV.*, 262 AD2d 719, 720, *lv denied* 94 NY2d 756). Although Family Court has broad discretion to determine whether a child's statement has been sufficiently corroborated (*see, Matter of Russell B.*, 257 AD2d 707, 708), "there is a threshold of reliability that the evidence must meet" (*Matter of Zachariah VV., supra*, at 720).

Here, the abuse petition was premised upon the allegation that respondent had knowledge of but allowed the continuation of the sexual conduct between her fiancé and her daughter. Respondent argues that her awareness of the sexual abuse was not proven by a preponderance of the evidence because her daughter's out-of-court statement to Canadian law enforcement authorities was insufficiently corroborated at the hearing. Upon our review of the record, we find merit in this argument.

In the absence of in camera testimony of the child (*see, Matter of Jamie EE.*, 249 AD2d 603, 604-605) or testimony from her sister, petitioner's proof of respondent's knowledge and acquiescence regarding her fiancé's sexual conduct with her daughter was solely dependent upon the testimony of a Canadian child protective social worker. This witness detailed the agency's history of dealings with respondent's fiancé and relayed information pertaining to the Canadian court proceedings against him. She further recounted the child's statement describing how she was sexually abused by respondent's fiancé and that respondent told her she "did it to [herself]". This reiteration of the child's allegation is legally insufficient to corroborate the child's claims regarding the extent of respondent's knowledge or involvement in her fiancé's abuse of the child (*see, Matter of Zachariah VV., supra*, at 632-633; *cf., Matter of Alexander EE.*, 267 AD2d 720).

Furthermore, the testimony by one of the child's New York caseworkers which indicated that in early March 1998 respon-

dent had admitted to her that she knew of her fiancé's history of sexual abuse and characterized such allegations as fabricated falls short of the "threshold of reliability" necessary to corroborate the child's out-of-court statement with respect to respondent's knowledge of her fiancé's sexual conduct while the child lived in Canada. Based on the foregoing, the adjudication of abuse is reversed.

We reach a contrary conclusion, however, on the finding of neglect. The record amply manifests respondent's unequivocal desire to have no contact with her daughter. Petitioner presented the testimony of a caseworker who investigated a 1989 incident in which respondent left her daughter with a babysitter for four to six weeks with "no specific plan for her return" and no financial assistance. Respondent had requested the babysitter to watch the child "for a while" and the only explanation offered by her for her absence was that her car had broken down, an explanation also given by respondent to her sister. The caseworker further testified to respondent's failure to cooperate with petitioner after the child was placed with petitioner in March 1998, including respondent's refusal to participate in mental health counseling or to arrange for consistent visitation with her daughter, despite petitioner's attempts to facilitate these activities.

With respect to scheduled visitations, the testimony of another caseworker disclosed that petitioner transported the child to prearranged visits and offered respondent transportation, but she repeatedly failed to appear. In fact, between the time the child entered petitioner's custody and the filing of the petition, respondent appeared only three times for her weekly visits. Respondent also declared that she did not wish to have any contact with her daughter and remarked that her daughter could be placed for adoption when advised by petitioner that she was required to plan for her daughter while in foster care. Respondent also wrote a letter to petitioner expressing her intent to have no contact and failed to assist petitioner in locating a family member to assume custody of the child.

Family Court Act § 1012 defines a neglected child as: "a child less than eighteen years of age * * * whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent * * * to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). We find that the hearing evidence presents a sound and substantial basis for Family Court's finding that respondent engaged in a pattern of failing

to make appropriate arrangements for her daughter's care, refused to cooperate or plan for her child while she was placed in foster care and repeatedly expressed her intent to avoid her parental obligations. According deference to Family Court in light of its opportunity to assess the credibility of the witnesses, we conclude that the record reveals no abuse of discretion regarding the determination of neglect (*see, Matter of Melissa I.*, 256 AD2d 671, 673).

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudicated the child to be abused by respondent; petition dismissed to that extent; and, as so modified, affirmed.