■ In the Matter of Jared XX. and Others, Children Alleged to be Abused and/or Neglected. Delaware County Department of Social Services, Appellant; Joseph YY., Respondent. [714 NYS2d 580] —Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 25, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Jared XX., Marisa XX. and Justine YY. to be abused or neglected children.

Petitioner commenced this proceeding in September 1998 alleging that respondent had sexually abused his paramour's son, Jared XX. (born in 1992). Petitioner further alleged that based upon such abuse, Marisa XX. (born in 1995) and Justine YY. (born in 1996), the latter of whom is respondent's biological daughter, were derivatively neglected. At the time that the alleged incident of abuse occurred in May 1998 Jared, who was five years old, was residing with respondent's mother and visiting with his biological mother and respondent on weekends. This arrangement apparently existed in order to permit Jared, whose mother had recently relocated, to finish the academic year in his then-existing school.

A fact-finding hearing ensued, during the course of which testimony was received from, among others, respondent's mother regarding Jared's disclosures to her and the certified social worker and child sexual abuse validator appearing on behalf of petitioner. After carefully weighing and considering all of the proof adduced at the hearing, Family Court dismissed the petition, finding that there was insufficient evidence to corroborate Jared's out-of-court statements and, hence, petitioner had failed to establish by a preponderance of the evidence that

Jared was an abused child or that Marisa and Justine were neglected children. This appeal by petitioner ensued.

It is well settled that a child's unsworn out-of-court statements relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect (see, Matter of Jamie EE., 249 AD2d 603, 604-605; Matter of Keala XX., 217 AD2d 745, 745-746). Although Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration," there nonetheless is "a threshold of reliability that the evidence must meet" (Matter of Zachariah VV., 262 AD2d 719, 720, lv denied 94 NY2d 756; see, Matter of Heidi CC., 270 AD2d 528, 529). Whether this corroboration requirement has been satisfied is a "fine judgment" entrusted in the first instance to Family Court, which has the advantage of having heard and seen the various witnesses (see, Matter of Christina F., 74 NY2d 532, 536).

Applying these principles to the matter before us, we are constrained to conclude that Family Court did not err in dismissing the underlying petition based upon insufficient corroborative evidence of Jared's out-of-court statements. Respondent's mother testified that Jared informed her in May 1998 that "daddy had played with his penis." The incident allegedly occurred while respondent, to whom Jared refers to as "daddy," and Jared were taking a shower.* In response to this statement, respondent's mother took Jared to a local hospital for a physical examination, which disclosed no physical signs of abuse, and notified petitioner.

Although Jared subsequently repeated his disclosure to a number of individuals, the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement (see, Matter of Nicole V., 71 NY2d 112, 123; Matter of Zachariah VV., 262 AD2d 719, 720, supra; Matter of Keala XX., 217 AD2d 745, 746, supra). As such, Jared's various out-of-court statements cannot be used to corroborate his initial disclosure.

With respect to Jared's in-court testimony, this Court previously has held that a child's detailed and consistent in-court testimony may be sufficient to corroborate the child's prior out-of-court statements (see, Matter of Jamie EE., 249 AD2d 603, 605, supra; Matter of Victoria KK., 233 AD2d 801, 803; Matter

---

* In an unsigned statement, which was received in evidence at the fact-finding hearing, respondent admitted that he and Jared showered together on the date in question but denied any inappropriate contact.

*of Jessica G.*, 200 AD2d 906), even in cases where, as here, such testimony was not given under oath but was subject to cross-examination (*see, Matter of Christa H.*, 267 AD2d 586, 587; *Matter of Nathaniel TT.*, 265 AD2d 611, 613, *lv denied* 94 NY2d 757). Here, however, we have no choice but to conclude ·that Jared's in-court testimony simply did not meet the required "threshold of reliability" (*Matter of Zachariah VV.*, *supra*, at 720) and, hence, cannot provide corroboration for his previous statements. Although Jared testified that respondent fondled him while the two were taking a shower and that he had not imagined the incident, he was able to provide few specific details and responded negatively when asked if he knew "the difference between imagined things and things that really happened." Indeed, Jared's testimony as a whole was quite confusing. While such confusion is understandable and no doubt is attributable to Jared's young age and the stress of the entire incident, we cannot say that his testimony, read as a whole, is sufficient to provide the required corroboration.

Having concluded that Jared's testimony was insufficient to corroborate his prior statements, we turn to the testimony offered and report authored by Katherine Maciol, the certified social worker and child sexual abuse validator appearing on petitioner's behalf. In this regard, Maciol testified that she interviewed Jared in August 1998 utilizing the "Yuille protocol" and that Jared's disclosure was consistent with that of children who had experienced sexual abuse. To be sure, this Court has recognized that validation testimony from an expert who has investigated the allegations of sexual abuse may be sufficient to corroborate the child's prior statements (*see, e.g., Matter of Kaitlyn R.*, 267 AD2d 894, 896; *Matter of Ashley M.*, 235 AD2d 858; *Matter of Keala XX.*, 217 AD2d 745, 746, *supra*).

Here, however, Family Court discounted Maciol's testimony, finding that although Maciol was "highly qualified," she had departed from the Yuille protocol in certain respects and, of greater concern to Family Court, had been given an "incomplete picture" of the circumstances leading up to her interview with Jared. Specifically, Family Court noted that Maciol apparently had not been advised of the inconsistencies in Jared's statements, as revealed by Jared's testimony and the testimony of respondent's mother, or of the multiple interviews that took place between Jared and petitioner's personnel. Although Maciol testified that such factors would not affect her ultimate opinion, Family Court was of the view that Jared had been subjected to leading and suggestive questioning by respondent's mother, and that Maciol's unawareness of this fact and, hence,

her inability to explore this issue in her interview with Jared, significantly undermined the value of her testimony. Based upon our review of the record as a whole, we cannot say that Family Court's findings in this regard are unsupported by the evidence and, hence, we decline to disturb Family Court's determination that the expert testimony proffered was insufficient to provide the required corroboration.

As a final matter, while it is true that respondent failed to testify, thereby permitting Family Court to draw the strongest inference against him as the opposing evidence would allow (*see, Matter of Ashley M.*, 235 AD2d 858, *supra*), and that there was some suggestion in the record that Jared had been acting out in a sexual manner, such proof must be balanced against the inconsistencies in Jared's various statements and the comments made and demeanor exhibited by Jared following the initial disclosure. With that in mind, and giving due consideration to Family Court's superior vantage point in terms of assessing the witnesses' credibility, we conclude that petitioner did not tender sufficient proof to corroborate Jared's out-of-court statements and, as such, Family Court's dismissal of the underlying petition was in all respects proper.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

