■ In the Matter of DOUGLAS NN. and Another, Children Alleged to be Abused and/or Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD OO., Appellant, et al., Respondent. [716 NYS2d 156] —Crew III, J. P. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered July 21, 1999, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Douglas NN. and Heather OO. to be abused and/or neglected children and entered an order of protection.

Petitioner commenced this proceeding in November 1998 alleging, inter alia, that respondent Donald OO. (hereinafter respondent) had sexually abused his paramour's son, Douglas (born in 1994).* Petitioner further alleged that based upon such abuse, respondent's biological daughter, Heather (born in 1996), was derivatively neglected. The underlying incident of abuse allegedly occurred in October 1998 when respondent purportedly asked Douglas, then three years old, to engage in oral sex.

The matter proceeded to a hearing in April 1999, at which time testimony was received from, among others, Douglas' mother regarding the child's disclosure to her and Charles Fontana, the psychologist who evaluated Douglas in October 1998. Family Court ultimately concluded that Douglas' out-of-court statements were sufficiently corroborated and that the record as a whole established, by a preponderance of the evidence, that Douglas was a sexually abused child and that Heather was derivatively neglected. This appeal by respondent ensued.

The case law makes clear that a child's unsworn out-of-court statements relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently cor-

* Although the children's biological mother was a named respondent in this proceeding, the petition against respondent Nora NN. subsequently was dismissed by Family Court.

roborated, will support a finding of abuse or neglect (*see, Matter of Keala XX.*, 217 AD2d 745, 745-746). Although "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]), there nonetheless is a "threshold of reliability" (*Matter of Zachariah VV.*, 262 AD2d 719, 720, *lv denied* 94 NY2d 756) that such corroborative evidence must meet (*see, Matter of Jared XX.*, 276 AD2d 980, 981). Although Family Court's findings in this regard traditionally are accorded deference, we nonetheless must conclude that Douglas' out-of-court statements were not sufficiently corroborated and, as such, Family Court's findings of abuse and derivative neglect simply cannot stand.

Family Court apparently was persuaded by the consistency of Douglas' statements, but "the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX., supra*, at 981; *see, Matter of Zachariah VV., supra*, at 720). Nor was there any "validation testimony" to corroborate Douglas' out-of-court statements, as Fontana did not reach a determination as to whether Douglas had in fact been sexually abused. Finally, although respondent gave a somewhat ambiguous response when confronted with the allegations of abuse and Douglas appeared to possess an age-inappropriate knowledge of male genitalia, such evidence must be considered in light of the fact that Douglas had accused at least one other individual of sexually abusing him. On balance, viewing the record as a whole, we cannot say that petitioner tendered sufficient proof to corroborate Douglas' out-of-court statements and, as such, Family Court erred in adjudicating Douglas and Heather to be abused and/or neglected children.

Spain, Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudicated Douglas NN. and Heather OO. to be abused and/or neglected children and entered an order of protection; petition against respondent Donald OO. and resulting order of protection dismissed; and, as so modified, affirmed.