(June 21, 2002)

■ In the Matter of TOMAS E. and Another, Infants. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROL E., Appellant. (Appeal No. 1.) [744 NYS2d 748] —Appeal from an order of Family Court, Allegany County (Hartley, J.H.O.), entered January 10, 2001, which adjudged that respondent neglected her two children.

■ In the Matter of TOMAS E. and Another, Infants. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROL E., Appellant. (Appeal No. 2.) [745 NYS2d 800] —Appeal from an order of Family Court, Allegany County (Hartley, J.H.O.), entered May 24, 2001, which released the children to the custody of respondent under the supervision of petitioner and upon certain terms and conditions to be followed by respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition against respondent Carol E. is dismissed.

Memorandum: Respondent Carol E. (mother) appeals from three orders, a fact-finding order finding that she neglected her children, Tomas E. and Cara E. (appeal No. 1), a dispositional order (appeal No. 2) and an order of protection (appeal No. 3). We agree with her that petitioner failed to prove by a preponderance of the evidence that she neglected her children.

This matter was commenced by a petition alleging that both parents were responsible for abuse and neglect of both children based on the alleged sexual abuse of Cara by her father between 1996 and 2000 as well as acts of physical and verbal abuse of both children by the father against which the mother failed to protect the children.

After two days of testimony in September 2000 during which both parents were present and represented by counsel, the matter was adjourned pending in camera testimony of the children requested by petitioner. On October 4, 2000, however, the father appeared with his attorney and, in the presence of the Assistant County Attorney and the Law Guardian, the father's attorney stated that her client would admit that part of the petition alleging that he sexually abused Cara E. "by means of making an allocution similar to the one that he made in criminal Court wherein he pled to a class D felony of sexual abuse in the first degree." During the allocution the father admitted to an act of sexual abuse that occurred in October 1999, when Cara was 10 years old. After accepting the admission, Family Court asked, "In that statement that your daughter made out of court she indicated that when she was approximately seven years old that you and she were in the bedroom and that [mother] may have come to the door or in the room and saw what was happening and told your daughter to go to the living room, and [mother] asked you what you were doing. I ask you if you recall such an incident, sir?" The father responded, "I've read the statement, Your Honor, and yes, I do recall an incident happening like that, but my wife only—only knew of that incident. She knew of nothing else." The father was not under oath when he was before the court that day.

According to a statement by the court at a continuation of the fact-finding hearing on November 8, 2000, the fact-finding hearing had proceeded on October 18th, when petitioner rested and the mother testified on her own behalf. The transcript of the hearing on October 18th is not in the stipulated record on appeal. According to the court, the matter had been adjourned to November 8th for possible additional testimony by a psychologist. In fact, on November 8th a further written report from that psychologist was received in evidence, and the mother rested.

The court made seven findings in the fact-finding order:

(1) that respondent Carol E. is the mother of the children at issue;

(2) that at all times referred to in the petition the children resided with both parents and that both were responsible for their care;

(3) that the father committed acts constituting sexual abuse in the first degree against Cara in February 2000;

(4) that the out-of-court statements of Cara have been corroborated by the father, the psychologist, a school counselor and a Child Protective Services supervisor employed by petitioner;

(5) that the mother observed Cara in bed with the father with his pants down when the father was touching Cara's vaginal area when Cara was approximately seven years old;

(6) that the mother failed to take appropriate steps to protect Cara from continued sexual contact by the father and left Cara alone with the father numerous times, including in February 2000 when he last sexually abused her; and

(7) that the mother was aware of the father's excessive drinking and that the father had been physically and verbally abusive to the children.

The record does not support findings (4), (5) or (6) against the mother. Petitioner's burden at a fact-finding hearing is to establish neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), and only "competent, material and relevant evidence may be admitted" (§ 1046 [b] [iii]). Out-of-court statements by a child are admissible in such a proceeding but, if uncorroborated, are insufficient to form the basis for a finding of neglect. "Any other evidence tending to support the reliability of the previous statements, including, but not limited to[,] the types of evidence defined in this subdivision[,] shall be sufficient corroboration" (§ 1046 [a] [vi]). None of the purported corroborative evidence came within the types of evidence defined in Family Ct Act § 1046 (a).

Before the proceeding was commenced, Cara gave a written out-of-court statement to the Child Protective Services supervisor in question and answer form. When asked whether she ever told her mother about the sexual abuse, Cara responded, "No, but she saw him doing it to me once. I think I was 7." She continued, "Mom saw us and asked dad what he was doing and she made me go out to the living room." Cara also had mentioned such an incident to the school counselor and psychologist. The mother testified at the hearing, however, that she never observed such an incident and that she did not know of the sexual abuse until after Cara told the school counselor.

The father's statement in response to the court's question after the father admitted to a part of the petition against him does not constitute corroboration of Cara's statement with re-

spect to the mother's knowledge of the sexual abuse. The father's statement could not be deemed evidence against the mother because it was not adduced during the course of the fact-finding hearing on the petition, nor does it appear from the record before us that petitioner otherwise attempted to offer that statement as evidence against the mother during the continuation of the fact-finding hearing. Thus, the response of the father does not corroborate Cara's statement that the mother observed an incident of sexual abuse.

The sworn testimony of the school counselor, the Child Protective Services supervisor and the psychologist was presented against both parents before the father admitted the sexual abuse. Questioning of the school counselor and the Child Protective Services supervisor was directed principally at the alleged abuse itself, not at the part of Cara's statement concerning the mother, and the general testimony of those witnesses that each considered Cara truthful is insufficient to establish that the mother observed that incident. Moreover, neither the counselor nor the supervisor was qualified at the hearing as a validator (*cf. Matter of Nicole V.,* 71 NY2d 112, 121-122).

Although the psychologist was qualified as a validator, his testimony does not corroborate Cara's statement that the mother knew of the sexual abuse. He testified that he evaluated Cara when she was almost 11 and continued to see her for treatment. Cara told him that, with the exception of one incident, her mother was out of the house when the abuse occurred. That incident occurred when Cara was approximately seven years old, and her mother caught them "in somewhat of a compromising situation. She didn't give me details. By this stage of the interview, Cara became very upset, and I decided that I wasn't going to push her any further. Subsequently Cara has very much downplayed mom's knowledge or participation." The psychologist's evaluation of the mother was that she consistently denied prior knowledge of sexual contact between her husband and Cara. The psychologist described behaviors of a child that might be signs of sexual abuse but had no knowledge that Cara exhibited any of those indicators or that the mother was aware of them.

The psychologist recognized that there was a conflict between Cara's statement and that of the mother with respect to the mother's knowledge of inappropriate sexual contact, and he testified that it was possible that one of them was lying. He declined, however, to express an opinion as to which of the two was telling the truth. Thus, it cannot be said that the psycholo-

gist corroborated the truth of Cara's statement that the mother knew of the sexual abuse.

The fact that Cara made essentially the same statement about the mother's observation of the sexual abuse to several witnesses does not establish that the statement was corroborated; "repetition of an accusation by a child does not corroborate the child's prior account of it" (*Matter of Francis Charles W.*, 71 NY2d 112, 124, *rearg denied* 71 NY2d 890). Because the sole expert witness was unable to confirm the truth of Cara's statement, he did not corroborate it and thus we do not reach the issue whether any purported corroborative evidence was reliable (*see e.g. Matter of Zachariah VV.*, 262 AD2d 719, 720, *lv denied* 94 NY2d 756). We conclude, therefore, that findings (4), (5) and (6) against the mother must be vacated because they are not supported by legally sufficient evidence.

With respect to finding (7), the record supports the finding that the mother was aware of the excessive drinking by the father and that he had been physically and verbally abusive to the children. The record also establishes that the mother had recognized the problem and had involved the family in ongoing therapy since the end of October 1999 to address those issues. We conclude, therefore, that finding (7) is insufficient to support a determination that the mother thereby neglected the children (*see* Family Ct Act § 1012 [f]). We thus reverse the order in appeal No. 2 and dismiss the petition against the mother. In view of our decision in appeal No. 2, the orders in appeal Nos. 1 and 3 must be vacated. Present—Pine, J.P., Hurlbutt, Burns, Gorski and Lawton, JJ.