■ In the Matter of SASHA R. and Others, Children Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NELSON S., Appellant. [805 NYS2d 476]—

Rose, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered June 22, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's niece and nephews to be abused and/or neglected children.

Petitioner commenced this proceeding against respondent, the uncle of a female child born in 1990, alleging that the child and her two brothers were abused and neglected children. Following a fact-finding hearing at which neither the child nor her mother testified, Family Court found her to be an abused and neglected child, and her brothers to be derivatively neglected. Respondent appeals, arguing that the child's out-of-court state-

ments describing the alleged sexual abuse were not sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]).

We recognize that a child's out-of-court statement "may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002] [citation omitted]). However, while Family Court has considerable discretion to determine the sufficiency of such evidence (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Kelly F.*, 206 AD2d 227, 228 [1994]), we have often noted that "the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000]; *see Matter of Stephen GG.*, 279 AD2d 651, 653 [2001]; *see also Matter of Nicole V.*, 71 NY2d 112, 123-124 [1987]).

The record here indicates that in September 2003, when the child was 13 years old, she first reported the sexual abuse by respondent while being physically disciplined by her mother after having been caught engaging in sexualized play with a male cousin. The child described an incident of sexual abuse occurring four or five years earlier and signed a sworn statement to that effect. At the hearing, petitioner offered the testimony of one of its investigators, an emergency room nurse and a police officer, who each related that the child had made the same allegations of sexual abuse to them. These hearsay statements, however, cannot be cross-corroborated by the out-of-court statement signed by the child under oath (*see Matter of Nicole V., supra* at 123-124). Nor may these witnesses vouch for the child's credibility (*see Matter of Kelly F., supra* at 229). Further, there was no physical evidence of the long-past event and petitioner offered no expert testimony either objectively validating the child's account or relating any of her past or present conduct or characteristics to the alleged sexual abuse (*see Matter of Zachariah VV.*, 262 AD2d 719, 720 [1999], *lv denied* 94 NY2d 756 [1999]).

Our conclusion that Family Court erred makes it unnecessary for us to consider respondent's remaining contentions.

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.