In the Matter of KALIFA K. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHEN K., Appellant. [829 NYS2d 794]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered July 25, 2005 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the children are abused children and directed respondent to comply with the terms and conditions of an order of protection.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law without costs, the petition is. dismissed, and the order of protection is vacated.

Memorandum: Petitioner commenced this proceeding seeking an adjudication that respondent sexually abused his daughter, Kalifa, and that respondent's two other children were abused derivatively pursuant to Family Court Act § 1046 (a) (i). We agree with respondent that Family Court erred in sustaining the petition. A child victim's unsworn out-of-court statements may be sufficient evidence of abuse if there is corroboration of those statements (*see* § 1046 [a] [vi]; *see also Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]). Here, however, no corroborating evidence was offered. Validation testimony from a witness with expertise in child abuse may serve as sufficient corroboration if such witness testifies that the child's behavior is consistent with the behavior of children who have been abused (*see Nicole V.*, 71 NY2d at 120-121; *Matter of Shawn P.*, 266 AD2d 907, 908 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Jessica DD.*, 234 AD2d 785, 786 [1996], *lv denied* 89 NY2d 812 [1997]; *Matter of Heather P.*, 233 AD2d 912, 913 [1996]; *see also Matter of Jaclyn P.*, 179 AD2d 646, 648 [1992], *affd* 86 NY2d 875 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, 516 US 1093 [1996]; *Matter of Lisa Z.*, 267 AD2d 800, 802 [1999]). Here, however, none of petitioner's witnesses gave testimony establishing her expertise in child sexual abuse or even child abuse, and none discussed symptoms or behaviors commonly seen in victims of child sexual abuse by way of comparison to symptoms or behaviors displayed by Kalifa. Further, Kalifa's repetitive statements to various persons do not constitute sufficient corroboration (*see Matter of Francis Charles W.*, 71 NY2d 112, 124 [1987], *rearg denied* 71 NY2d 890 [1988]; *Matter of Sasha R.*, 24 AD3d 902, 903 [2005]; *Matter of Tomas E.* [appeal No. 2], 295 AD2d 1015, 1019 [2002]). We therefore reverse the order, dismiss the petition, and vacate the order of protection (*see Sasha R.*, 24 AD3d at 903; *Matter of Jared XX.*, 276 AD2d 980, 983 [2000]). In light of our determination, there is no need to address respondent's remaining contentions. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.