Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about January 8, 2013, which, after a fact-finding hearing, dismissed the petition alleging sexual abuse and neglect of the subject child, unanimously affirmed, without costs.
Petitioner agency failed to demonstrate by a preponderance of the evidence that respondent stepfather sexually abused the child. The child’s testimony was inconsistent, vague, and lacking in specific details. It therefore did not meet the required threshold of reliability and cannot provide corroboration for her previous out-of-court statements (see Matter of Jared XX., 276 AD2d 980, 981-983 [3d Dept 2000]). Family Court’s assessment of witness credibility is entitled to considerable deference, and *459 we see no basis for disturbing the court’s rejection of the child’s testimony that her stepfather sexually abused her (see Matter of Irene O., 38 NY2d 776 [1975]).
The record also fails to demonstrate that respondents neglected the child (see e.g. Matter of Linda E., 143 AD2d 904, 908 [2d Dept 1988]). Although respondents may not have reacted appropriately to every difficulty that arose involving the child, the preponderance of the evidence does not show that they failed to exercise the statutory minimum degree of care (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]). Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.