■ In the Matter of Dezarae T. and Others, Children Alleged to be Abused. Schoharie County Department of Social Services, Petitioner; Lee V., Respondent; Christine E. Nicolella et al., as Attorneys for the Children, Appellants. [974 NYS2d 615]—

Spain, J. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered January 27, 2012, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused.

Danielle U. (hereinafter the mother) and Timothy U. (herein-

---

after the father) are the parents of Kaelynn U. (born in 2006), Dezarae T. (born in 2000) and Justin U. (born in 2002). The parents and children resided together until June 2010, when the parents separated and the mother and children moved in with respondent, the mother's boyfriend, and their newborn daughter, Aaryanna U. In November 2010, petitioner commenced this proceeding to adjudicate each of the children to be abused based upon allegations that respondent had sexually abused Kaelynn by touching her underneath her clothing while sitting on a couch at their home in the summer of 2010 when she was four years old, while her mother and baby sister were asleep. After a fact-finding hearing, Family Court held that petitioner failed to meet its burden to demonstrate that respondent abused Kaelynn and dismissed the petition as to all of the children. The attorneys for the children now appeal, and we affirm.*

At the hearing, Kaelynn did not testify and no medical evidence of abuse was submitted. The only proof of abuse consisted of the testimony of four people to whom she had disclosed abuse by respondent, and the observations of her demeanor during the period in which the disclosures occurred.

Family Court properly determined that petitioner failed to prove abuse of Kaelynn by a preponderance of the evidence, as the record contains insufficient evidence to corroborate Kaelynn's allegations. Significantly here, a child's uncorroborated unsworn allegations of abuse alone are insufficient to sustain a finding of abuse (see Family Ct Act § 1046 [a] [vi]) and, although "a child's out-of-court statement 'may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (*Matter of Sasha R.*, 24 AD3d 902, 903 [2005], quoting *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]; *see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 898 [2011]), there is "a threshold of reliability that the evidence must meet" (*Matter of Zachariah VV.*, 262 AD2d 719 [1999], *lv denied* 94 NY2d 756 [1999]). "Whether this corroboration requirement has been satisfied is a 'fine judgment' entrusted in the first instance to Family Court, which has the advantage of having heard and seen the various witnesses" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000], quoting *Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *see Matter of Miranda HH. [Thomas*

---

* Notwithstanding the dismissal of its petition in its entirety by Family Court, petitioner did not file a notice of appeal. Petitioner now attempts to advance its position by submitting a brief to this Court arguing for a reversal. Under these circumstances, we reject and do not consider petitioner's brief.

*HH.]*, 80 AD3d at 899; *Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056, 1057 [2010], *lv denied* 16 NY3d 702 [2011]).

Under established law, Kaelynn's repetition of the allegations of abuse to the testifying witnesses, however consistent and believable, is not sufficient to corroborate these prior out-of-court statements (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Zachariah VV.*, 262 AD2d at 720; *Matter of Keala XX.*, 217 AD3d 745, 746 [1995]). Petitioner presented no expert testimony to "objectively validate [Kaelynn's] account" or to "relate[ ] any of her past or present conduct or characteristics to the alleged sexual abuse" (*Matter of Sasha R.*, 24 AD3d at 903; *see Matter of Zachariah VV.*, 262 AD2d at 720; *Matter of Vincent I.*, 205 AD2d 878, 879 [1994]). While a police investigator who interviewed Kaelynn testified that he conducted a "truth versus lie" inquiry of her and concluded that she understood the consequences of lying, he did not explain his methodology for reaching this conclusion nor did he relate whether her account fit any profile for truthful testimony from abused children (*see Matter of Kelly F.*, 206 AD2d 227, 230 [1994]; *compare Matter of Nicole V.*, 71 NY2d at 120-122; *Matter of Katje YY.*, 233 AD2d 695, 696 [1996]). Moreover, there was no physical evidence of sexual abuse (*see Matter of Sasha R.*, 24 AD3d at 903; *Matter of Keala XX.*, 217 AD2d at 746), and Kaelynn—in light of her young age—did not give sworn testimony nor was she questioned in camera (*compare Matter of Christina F.*, 74 NY2d 532, 537 [1989]; *Matter of Miranda HH. [Thomas HH.]*, 80 AD3d at 898-899; *Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1058; *Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]).

Although several witnesses consistently described Kaelynn's upset demeanor, "in the absence of any expert opinion connecting this evidence with the alleged sexual abuse," this testimony was insufficient to corroborate the allegations (*Matter of Zachariah VV.*, 262 AD2d at 720; *see Matter of Keala XX.*, 217 AD2d at 746). As noted by Family Court, the record contains no reliable means of distinguishing between trauma that Kaelynn may have suffered as a result of, among other causes, parental neglect, her parents' separation and witnessing domestic violence, from "professionally recognized indicators of sexual abuse" (*Matter of Zachariah VV.*, 262 AD2d at 720).

Finally, we reject the contention of the attorneys for the children that Family Court erred in failing to set forth the grounds for its decision, as required (*see* CPLR 4213 [b]; Family Ct Act § 1051 [c]; *Matter of Anita U.*, 185 AD2d 378, 379 [1992]). To that end, the court "need not set forth evidentiary facts, it must

state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend" (*Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *see Matter of Anita U.*, 185 AD2d at 379; *Matter of Kyesha A.*, 176 AD2d 381, 382 [1991]). Here, the court summarized all relevant testimony and made certain credibility determinations, discussed the applicable law regarding proof of abuse and the need for corroboration of a child's disclosures, and made its determination that, based upon the credible testimony and evidence presented, the corroboration requirement was not satisfied. We find that the court sufficiently complied with Family Ct Act § 1051 (c) and CPLR 4213 (b) (*see Matter of Jose L.I.*, 46 NY2d at 1025-1026; *Matter of Anita U.*, 185 AD2d at 379; *Matter of Kyesha A.*, 176 AD2d at 382).

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.