Rose, J.
Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered November 26, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, and (2) from the orders of protection issued thereon.
Katrina CC. (born in 2010) is the daughter of respondent and Tricia CC. (hereinafter the mother). The mother has a child from a previous relationship, Makenzie DD. (born in 2005). In the summer of 2010, Makenzie resumed living with the mother and respondent after living with her paternal grandparents with the mother’s permission. Later that summer, shortly before Katrina’s birth, the paternal grandparents filed a petition seeking custody of Makenzie. Very soon after Katrina’s birth, the paternal grandmother contacted police to report that Makenzie had disclosed to her that respondent had “pinched” her genital area and “went in her hole” while the mother was in the hospital giving birth to Katrina. The child was examined at the hospital and interviewed by a social worker and a detective, but no criminal charges were filed and no Family Court proceedings were commenced.
Almost two years later, when respondent and the mother separated in 2012 and the mother petitioned for custody of Katrina, Family Court ordered an investigation pursuant to Family Ct Act § 1034 and petitioner thereafter commenced this *1065 proceeding claiming that, based upon the 2010 out-of-court statements of Makenzie, respondent had neglected her and derivatively neglected Katrina.* Family Court held a fact-finding hearing at which Makenzie did not testify and petitioner presented only the testimony of the paternal grandmother, the social worker who interviewed Makenzie and the detective who investigated the allegation. No medical or physical evidence was presented to support the allegation. Although respondent testified that he had not cared for the child while the mother was in the hospital giving birth to Katrina and he denied the allegation, Family Court considered the child’s out-of-court statements and concluded that respondent had neglected Makenzie and derivatively neglected Katrina. After a dispositional hearing, the court placed respondent under petitioner’s supervision for one year, issued orders of protection preventing respondent from having any contact with Makenzie and allowing only supervised visitation with Katrina, and directed respondent to participate in sex offender treatment. Respondent appeals, contending primarily that the child’s out-of-court statements were insufficiently corroborated.
While the out-of-court statements made by a child relating to any allegations of abuse or neglect are admissible in Family Ct Act article 10 proceedings, they must be corroborated in order to “be sufficient to make a fact-finding of abuse or neglect” (Family Ct Act § 1046 [a] [vi]; see Matter of Zachariah VV., 262 AD2d 719, 720 [1999], lv denied 94 NY2d 756 [1999]). The purpose of this requirement is to establish the reliability of the hearsay statements, and Family Court has considerable discretion to determine the sufficiency of corroborative evidence (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]; Matter of Sasha R., 24 AD3d 902, 903 [2005]). Such a statement “may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient” (Matter of Joshua QQ., 290 AD2d 842, 843 [2002] [citation omitted]). Nevertheless, we conclude that petitioner failed to satisfy its burden here.
Family Court’s conclusion, based upon our decision in Matter of Brandon UU. (193 AD2d 835 [1993]), that sufficient corroboration existed because the child pointed to the area where she claimed respondent had pinched her, is misplaced. The determination in Matter of Brandon UU. was based on the child’s consistent account of sexual abuse coupled with the expert *1066 testimony that the child was being truthful (id. at 837). Here, there was no expert testimony and the child’s demonstration, without more, is part of the out-of-court statement itself and insufficient as corroboration (see Matter of Dezarae T. [Lee V.], 110 AD3d 1396, 1397 [2013]; Matter of Kayla F., 39 AD3d 983, 984 [2007]; Matter of Zachariah VV., 262 AD2d at 720).
Likewise, there is no merit to petitioner’s argument that the child’s repetition of consistent accounts of the abuse to the grandmother, social worker and detective serve as sufficient corroboration. It is well settled that “repetition of an accusation by a child does not corroborate [that] child’s prior account” (Matter of Nicole V., 71 NY2d at 124). The lack of any proof “validating the child’s account or relating any of her past or present conduct or characteristics to the alleged sexual abuse” requires reversal of the finding of neglect as to Makenzie on the ground that the out-of-court statements were not sufficiently corroborated (Matter of Sasha R., 24 AD3d at 903; see Matter of Keala XX., 217 AD2d 745, 746 [1995]). In light of the insufficiency of the evidence with respect to the finding of neglect of Makenzie, the finding of derivative neglect of Katrina must also be reversed (see Matter of Desmond LL., 61 AD3d 1309, 1310 [2009]; Matter of Kayla F., 39 AD3d at 985).
Stein, J.E, McCarthy and Egan Jr., JJ, concur.
Ordered that the orders are reversed, on the law, without costs, and petition dismissed.

 Petitioner also commenced a proceeding against the mother claiming that she neglected Katrina. Family Court dismissed that petition after petitioner’s direct case on the ground that a prima facie case had not been stated.