■ In the Matter of STEPHEN GG. and Another, Children Alleged to be abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHEN HH., Appellant. [719 NYS2d 167] —Crew III, J. P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 19, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the biological father of two children, Stephen (born in 1989) and Ashton (born in 1991). In May 1997, petitioner commenced this proceeding alleging, *inter alia*, that respondent had sexually abused Ashton and, based upon his failure to obtain appropriate counseling for the children, had neglected them as well.[1] The petition stemmed from a disclosure made approximately two months earlier by then five-year-old Ashton to his mother's paramour, wherein Ashton testified to an act of sexual abuse against him by respondent.

The matter proceeded to a hearing, at which extensive testimony was received from, among others, respondent, the children's mother, her paramour and one of petitioner's caseworkers. Family Court thereafter concluded that Ashton's out-of-court statements had been sufficiently corroborated and that the record as a whole established, by a preponderance of the evidence, that Ashton was a sexually abused child and that both Ashton and Stephen were neglected children. This appeal by respondent ensued.[2]

A child's unsworn out-of-court statement relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect (*see, Matter of Jamie EE.*, 249 AD2d 603, 604-605). Although "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]), this Court repeatedly has held that there nonetheless must be a "threshold of reliability" that such corroborative evidence must meet (*see, Matter of Jared XX.*, 276 AD2d 980, 981; *Matter of Zachariah VV.*, 262 AD2d 719, 720, *lv denied* 94 NY2d 756). Although Family Court's findings in this regard traditionally are accorded deference, we nonetheless conclude that Ashton's out-of-court statements were not sufficiently corroborated and, as such, Family Court's finding of abuse cannot stand.

Here, both Family Court and petitioner's caseworker, whom Family Court acknowledged as an expert in child abuse, focused on three principal factors in determining that the allegations of sexual abuse had been corroborated—the consistent nature of Ashton's disclosures, the aggressive behavior demonstrated by both children and the sexual acting out

---

1. The children's mother also was a named respondent to the proceeding, but the petition as to her subsequently was adjourned in contemplation of dismissal.

2. When this matter previously was before us, we relieved respondent's former appellate counsel and assigned new counsel to address any issues that the record might disclose (262 AD2d 727).

exhibited by the children. As to Ashton's disclosure to his mother's paramour, a State Police Investigator and petitioner's caseworker, this Court has made clear that "the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX.*, *supra*, at 981). Hence, the fact that Ashton made the same statement to more than one person does not constitute corroboration.

With respect to the children's demonstrated aggressive behavior, we acknowledge that a dramatic change in a child's behavior indeed may be indicative of abuse (*see, e.g., Matter of Tanya T.*, 252 AD2d 677, 678-679, *lv denied* 92 NY2d 812; *Matter of Randy A.*, 248 AD2d 838, 839). A review of the record before us, however, discloses that aggressive behavior was not a departure from but, rather, essentially standard behavior for these children. In this regard, the children's mother testified that Stephen has had "temper tantrums" since birth and that Ashton, although initially more "mellow," eventually started to follow his brother's lead and became very difficult to control. Indeed, the record indicates that school officials consistently recommended outside counseling for the children due to their poor behavior. Under such circumstances, we are not persuaded that the children's aggressive behavior constitutes corroboration of the underlying allegation of abuse.

We reach a similar conclusion with respect to the sexual acting out exhibited by the children. The record reveals that both children had been observed masturbating during the two years preceding Ashton's disclosure, the children's mother testified that she stopped bathing them together due to their behavior in this regard and, following the commencement of this proceeding, Ashton apparently had sexual contact with a neighbor's child. To be sure, such acting out can be a sign of sexual abuse (*see, e.g., Matter of Tracy V. v Donald W.*, 220 AD2d 888, 890). Here, however, the children's pediatrician testified that masturbation was not unusual in children between the ages of four and seven years old.[3] Additionally, although children may exhibit such behavior because they have been sexually abused, petitioner's caseworker acknowledged that there are other means by which children can become sexualized at an early age, including exposure or access to sexually explicit magazines and observing adults engaging in sexual activities, both of which, the record indicates, occurred here. Thus, although the caseworker plainly was of the view that the children were exhibiting such behavior due to

---

3. In May 1997, Stephen was seven years old and Ashton was five years old.

respondent's alleged abuse of Ashton, given that such behavior predated Ashton's disclosure of the single incident of alleged abuse by two years, we are not persuaded that the children's behavior in this regard constitutes sufficient corroboration.

In sum, the record leaves no doubt that Stephen and Ashton became sexualized at an early age and have significant behavioral problems. Whether petitioner has established, by a preponderance of the evidence, that such behaviors and problems are the result of respondent's sexual abuse of Ashton, however, is another matter entirely. Given the equivocal nature of the children's behaviors and the differing conclusions that may be drawn therefrom, coupled with the caseworker's admission that this proceeding was "contaminated" to some degree due to the two months that elapsed between Ashton's disclosure and the reporting of such disclosure to petitioner (during which time the children were questioned on a number of occasions by various family members) and the mother's concerns that her paramour had intimidated the children through his repeated questioning, we cannot say that petitioner tendered sufficient proof to corroborate Ashton's out-of-court statements and, as such, Family Court erred in adjudicating Ashton to be an abused child.

We do, however, find that the record as a whole establishes that respondent neglected the children by failing to obtain appropriate counseling for them. A school psychologist testified that she had recommended outside counseling for Stephen since he started kindergarten and that she had discussed his behavior and the need for such counseling with respondent and the children's mother. Given this recommendation, the children's demonstrated behavior over the years and the fact that there was a change in the physical custody arrangement agreed upon by the parties due to respondent's inability to control the children, the need for outside intervention should have been apparent.[4]

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudicated Ashton GG. to be an abused child; petition dismissed to that extent; and, as so modified, affirmed.

---

4. We note in passing that the dispositional order in this matter appears to have expired. Although such expiration does not affect the validity of respondent's appeal, it does obviate the need to remit this matter to Family Court for reconsideration of the disposition imposed.