■ In the Matter of CECILIA PP., a Child Alleged to be Abused and Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAREN PP., Appellant. (And Another Related Proceeding.) [736 NYS2d 546] —Crew III, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered February 1, 2001, which, in a proceeding pursuant to Family Court Act article 10, granted petitioner's motion for a determination that reasonable efforts to return respondent's child to her home are no longer required, (2) from an order of said court, entered February 15, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected, and (3) from an order of said court, entered April 18, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child a severely abused child, and terminated respondent's parental rights.

Respondent is the biological mother of a child born in 1995. In June 1999, petitioner commenced a proceeding pursuant to Family Court Act article 10 alleging that respondent's then three-year-old daughter was a neglected child in that she was residing in unsanitary and dangerous conditions. Family Court, inter alia, entered a finding of neglect, placed the child in petitioner's custody for one year and granted visitation to respondent. At the end of that one-year period, respondent apparently consented to the temporary placement of her child in foster care.

In July 2000, petitioner commenced a separate proceeding

pursuant to Family Court Act article 10 alleging, inter alia, that respondent had committed an offense as defined in Penal Law article 130 by engaging in sexual contact with her daughter. Thereafter, in November 2000, petitioner moved, pursuant to Family Court Act § 1039-b, seeking a determination that reasonable efforts to return the child to respondent's home no longer were required. A hearing ensued, during the course of which testimony was received from the child's pediatrician, foster mother, teacher and examining psychologist. By order entered February 1, 2001, Family Court granted petitioner's motion pursuant to Family Court Act § 1039-b, finding that any effort to return the child to respondent's home would be detrimental to the child's health and overall development. Subsequently, by order entered February 15, 2001, Family Court adjudicated respondent's daughter to be an abused and neglected child.

The child thereafter remained in petitioner's custody and, on or about February 20, 2001, petitioner commenced a proceeding pursuant to Social Services Law § 384-b seeking to terminate respondent's parental rights. By order entered April 18, 2001, Family Court adjudicated respondent's daughter to be a severely abused child within the meaning of Social Services Law § 384-b (8) and terminated respondent's parental rights. These appeals by respondent ensued.

We affirm. Initially, we reject respondent's assertion that Family Court, in ruling upon the petition to adjudicate respondent's daughter to be an abused and neglected child, failed to adequately set forth the findings it deemed essential to its decision. In our view, Family Court's factual findings in this regard were adequate and, in any event, our examination of the record as a whole discloses ample support for Family Court's determination (see, Matter of Aishia O., 284 AD2d 581, 584).

Equally unpersuasive is respondent's assertion that there is insufficient evidence to support the finding that respondent severely abused her daughter. It is well settled that "[a] child's unsworn out-of-court statement relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect" (Matter of Stephen GG., 279 AD2d 651, 652). "Any other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]), including medical evidence (see, Matter of Jessica Y., 206 AD2d 598, 600) or evidence of a dramatic change in the child's behavior and/or episodes of sexual "acting out"

(see, *Matter of Stephen GG.*, supra at 653; *Matter of Tanya T.*, 252 AD2d 677, 678-679, *lv denied* 92 NY2d 812).

Here, the child's foster mother testified that the child disclosed that she had touched and sucked respondent's breasts and had rubbed respondent's "pee pee," eerily recounting one particular episode when the child, in acting out the abuse, utilized two distinct voices—apparently to distinguish between the roles played by those involved. As to corroboration for such disclosure, the child's pediatrician testified, and the photographic evidence contained in the record revealed, that the child sustained significant scarring to her anus and the surrounding area. According to the pediatrician, this repeated scarring was the result of a penetrating injury, which, in turn, would have required far too much force and generated too much pain for the child to have caused on her own or to have been accidentally sustained. Additional corroboration for the child's statement may be found in the dramatic deterioration in the child's behavior once unsupervised visits with respondent were granted in May 2000 and June 2000. The child's foster mother, teacher and examining psychologist each testified that the child demonstrated significant regressive behavior following visits with respondent; specifically, the child would hiss and growl, hide under tables and refuse to use the toilet or eating utensils, in addition to evidencing a marked decrease in her verbal skills.

Although there was some evidence of masturbatory behavior prior to the visits with respondent, both the examining psychologist and the child's foster mother testified that such behavior escalated following such visits. Indeed, the child's foster mother testified as to repeated instances where the child would beg to see or touch the foster mother's breasts and ask to engage in or would act out sexual activity. The child's foster mother, teacher and examining psychologist also each testified that the child's behavior improved significantly (and the incidents of sexual acting out decreased drastically) once visitation with respondent was suspended. In our view, the child's statements, coupled with the physical evidence of sexual abuse and the behavioral problems observed, more than supports Family Court's finding that respondent severely abused her daughter. Respondent's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

As a final matter, we discern no basis upon which to disturb Family Court's finding that reasonable efforts to return the child to respondent's home no longer were required. Pursuant

to Family Court Act § 1039-b (b) (1), reasonable efforts to return a child to his or her home are not required where "the parent of such child has subjected the child to aggravated circumstances" as defined by Family Court Act § 1012 (j). Aggravated circumstances, in turn, refers to the severe or repeated abuse of a child within the meaning of Social Services Law § 384-b (8) and includes the child's parent committing or allowing to be committed a felony sex offense as defined in Penal Law § 130.65 (sexual contact with a person less than 11 years old) (*see*, Social Services Law § 384-b [8] [a] [ii]). Inasmuch as the record fully supports Family Court's finding that respondent's conduct would constitute sexual abuse in the first degree (*see*, Penal Law § 130.65), the court was well within its statutory authority to grant petitioner's motion and direct that no further reasonable efforts to return respondent's daughter to her care were required. Respondent's remaining contentions, including her assertion that Family Court erred in terminating her parental rights, have been considered and found to be unpersuasive.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.