■ In the Matter of MAXFIELD L., a Child Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MICHAEL L., Respondent. CARMEN M. GARUFI, as Law Guardian, Appellant. [738 NYS2d 124] —Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 13, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family

---

Court Act article 10, to adjudicate respondent's child to be abused and/or neglected.

Respondent's son, born in 1996, has been diagnosed with conduct disorder-NOS (not otherwise specified) and sensory integrative dysfunction. As a result of these disorders, the child evidences, inter alia, a pronounced oral fixation and extreme intolerance to noise and other sensory input which, in turn, leads to aggressive behavior and violent outbursts. Respondent and the child's mother divorced in April 1999 and were granted joint custody of the child, with primary physical custody to the mother and visitation to respondent.

In January 2000, the child began attending Great Beginnings, a daycare center located in the City of Binghamton, Broome County. Between January 2000 and September 2000, the child accumulated approximately 100 incident reports at Great Beginnings—sometimes incurring multiple reports within a single day. The child's misdeeds ranged from relatively minor offenses, such as pinching or stepping on another student's hand, to more serious conduct, such as repeatedly punching or kicking staff or students and attempting to stab others with sharp implements. Although the bulk of these incidents related to acts of aggression, a handful of the reports (approximately seven) related to the child's sexual activity in the classroom, which included masturbation or, in one instance, attempting to touch another child's genitals.

In October 2000, petitioner commenced the instant proceeding alleging that respondent had sexually abused his son. The allegations were based upon disclosures made by the child, wherein the child contended that respondent had fondled his penis. The matter proceeded to a hearing, during the course of which testimony was received from, among others, the child's mother, the child's teachers and respondent. Family Court also interviewed the child, then almost five years old, in camera. At the conclusion of the hearing, Family Court dismissed the petition, finding that the child's disclosures had been prompted by petitioner's caseworkers and, in any event, that there was insufficient evidence to corroborate the child's allegations. This appeal by petitioner and the Law Guardian ensued.

We affirm. Assuming, without deciding, that the child's disclosures indeed were spontaneous and were not the result of leading and suggestive questioning by petitioner's casework-

ers,* we nonetheless agree with Family Court that the record as a whole contains insufficient evidence to corroborate the child's allegations of sexual contact. As we recently reiterated, the corroborative evidence required by Family Court Act § 1046 (a) (vi) may take many forms, including physical evidence, expert validation testimony, evidence of a dramatic change in the child's behavior or episodes of sexual acting out (*see, Matter of Cecilia PP.*, 290 AD2d 836). Here, there was no physical evidence of sexual abuse and, although the child's therapist testified to a general awareness of the factors that would indicate or validate sexual abuse, there was no expert validation testimony provided at the hearing. While a dramatic change in a child's behavior also may indicate sexual abuse (*see, Matter of Stephen GG.*, 279 AD2d 651, 653), the record here reflects that the child's acts of extreme aggression predated the allegations of sexual abuse by at least several months. Additionally, the violent nature of the child's behavior must be viewed in the context of his diagnosed conduct disorder. As to the episodes of masturbation, the evidence on this point was inconclusive. Although there was some suggestion that the child perhaps was fondling himself more frequently than the average child his age, the incident reports contained in the record indicate that such activity comprised a relatively small portion of the child's behavioral problems.

To the extent that petitioner and the Law Guardian point to the improvement in the child's demeanor once visitations with respondent were suspended in September 2000, it is unclear from the record whether the child became more manageable because he was not visiting with his father or because he had been placed in a different classroom setting. In short, we simply are unable to conclude that the evidence adduced at the hearing provided sufficient corroboration for the child's disclosures. Petitioner and the Law Guardian's remaining contentions, including their assertion that Family Court erred in failing to find that respondent had neglected his son, have been examined and found to be lacking in merit. Accordingly, Family Court's order dismissing the petition is affirmed.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

* As to the issue of suggestiveness, we note in passing that the child's mother testified that he did not make any disclosures to her regarding the alleged abuse, and the child's special education teacher testified as to the child's desire to "please adults in every situation."