■ In the Matter of ARIELLE LL. and Others, Children Alleged to be Abused and Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASON MM., Appellant. [741 NYS2d 339] —Peters, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.H.O.), entered October 27, 2000, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated Arielle LL. to be an abused child.

Arielle LL. (born in 1992) resided with her great aunt and visited with her mother on weekends. While Arielle was at her mother's residence on April 1, 2000, Arielle's mother left the residence; Arielle remained with some of her siblings and respondent, her mother's paramour. Upon returning to her great aunt's home at the end of the weekend, Arielle disclosed that while her mother was out of the residence, respondent inserted his finger into her vagina.

On May 25, 2000, petitioner filed a petition in Family Court alleging abuse and neglect against both Arielle's mother and respondent. The petition against respondent proceeded to a hearing at which testimony was received from the police investigator who interviewed Arielle following her initial disclosure, the child protective caseworker who interacted with her, Arielle's great aunt and Arielle herself, who testified in chambers with all attorneys present. Petitioner also introduced respondent's written statement into evidence in which he admitted that he was highly intoxicated at the time of the alleged abuse and, while denying he engaged in sexual conduct with Arielle, admitted that he could have "done it to Arielle by accident[ly]" thinking it was Arielle's mother. He reasoned that he "would never have guessed that it was Arielle, especially after being as drunk as I was."

Respondent did not testify. Notably, Arielle's mother testi-

fied on his behalf. She explained that Arielle had been previously abused by a babysitter with whom she had purportedly watched adult films and was thereafter "caught" by respondent watching such films. She further testified that the child had difficulties in school and was not always truthful. On cross-examination, Arielle's mother admitted that although she believed Arielle's disclosure concerning abuse by the babysitter, she did not believe Arielle's disclosure concerning respondent. However, she did confirm Arielle's statements that respondent had walked around the house naked until a talk from Arielle's great aunt precipitated the purchase and defendant's use of boxer shorts.

Upon the testimonial and documentary evidence presented, Family Court concluded that petitioner had sustained its burden of proving, by a preponderance of the evidence, that Arielle had been sexually abused by respondent. While acknowledging the testimony indicating that Arielle had lied when she was accused of stealing, the court focused on the consistent nature of her disclosures to her great aunt, the police investigator and the child protective caseworker, all of which was now buttressed by Arielle's own testimony. Family Court found her to be a coherent and competent witness who understood the difference between the truth and a lie. In addition, Family Court relied upon the statement that respondent provided to the police which offered less than an unequivocal denial of the allegations.

Respondent's sole assertion on appeal is that Family Court's finding of sexual abuse is against the weight of the evidence. We disagree. Respondent did not testify, "thereby permitting Family Court to draw the strongest inference against him as the opposing evidence would allow" (*Matter of Jared XX.*, 276 AD2d 980, 983). Working from this inference and considering respondent's written statement and Arielle's in camera testimony,* we find sufficient corroboration of her previous out-of-court statements (*see, Matter of Christina F.*, 74 NY2d 532, 534; *Matter of Jamie EE.*, 249 AD2d 603, 605). To be sure, the record contains some evidence that Arielle would lie in certain situations. This evidence, combined with the other testimonial and documentary evidence, merely presented a credibility issue for Family Court to resolve. According great deference, as we must, to those factual findings made by a court which had the advantage of directly observing the demeanor of all witnesses who testified, we can find no basis upon which to disturb the determination rendered since we

---

* The format of the child's testimony is not challenged on this appeal.

find it to be supported by a sound and substantial basis in the record (*see, Matter of Akia KK.*, 282 AD2d 839, 840; *Matter of Nathaniel TT.*, 265 AD2d 611, 614, *lv denied* 94 NY2d 757; *Matter of Angelina AA.*, 211 AD2d 951, 952, *lv denied* 85 NY2d 808).

Rose and Lahtinen, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. "A child's unsworn out-of-court statement relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect * * *" (*Matter of Stephen GG.*, 279 AD2d 651, 652 [citation omitted]). To that end, Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration," and the case law makes clear that such corroboration may take many forms, including medical evidence (*see, Matter of Jessica Y.*, 206 AD2d 598, 600), validation testimony from an expert who has investigated the allegations of abuse (*see, Matter of Vincent I.*, 205 AD2d 878, 879), cross statements of siblings who witnessed or experienced the abuse (*see, Matter of Akia KK.*, 282 AD2d 839, 840; *Matter of Kelly F.*, 206 AD2d 227, 229-230), evidence of a dramatic change in the child's behavior and/or episodes of sexual "acting out" (*Matter of Stephen GG., supra* at 653) and the child's detailed, in-court testimony subject to cross-examination, even if such testimony is not given under oath (*see, Matter of Jared XX.*, 276 AD2d 980, 981-982; *Matter of Christa H.*, 267 AD2d 586, 587).

Turning to the record before this Court, it is apparent that the majority is persuaded to some degree (as was Family Court) by the consistent nature of Arielle's disclosures to her great aunt, the police investigator and the child protective caseworker. This Court repeatedly has held, however, that "the mere repetition of an accusation by a child is not sufficient to corroborate his or her prior statement" (*Matter of Jared XX., supra* at 981; *see, Matter of Stephen GG., supra* at 653; *Matter of Douglas NN.*, 277 AD2d 749, 750; *Matter of Keala XX.*, 217 AD2d 745, 746). Stated another way, the fact that Arielle repeated the same allegations of abuse to a number of individuals does not constitute sufficient corroboration of her out-of-court statements. Nor is it significant that the individuals to whom Arielle made such disclosures believed her, as such individuals plainly cannot vouch for the child's credibility (*see, Matter of Kelly F., supra* at 229).

As to the remaining evidence adduced at the hearing, although respondent did not testify, "thereby permitting Family

Court to draw the strongest inference against him as the opposing evidence would allow" (*Matter of Jared XX.*, *supra* at 983), and offered a less than unequivocal denial of the allegations (*see, Matter of Douglas NN.*, *supra* at 750),* we do not read respondent's written statement in as inculpatory a light as the majority. In any event, such proof must be balanced against the testimony offered by Arielle's mother and great aunt, respectively, attesting to Arielle's propensity for lying, albeit with regard to events unrelated to the allegations of abuse.

Finally, we note that no medical or expert validation testimony was offered at the hearing, and while Arielle did testify, she did so in camera and was not cross-examined by respondent's attorney. Moreover, although the record reflects that there had been episodes of sexual "acting out," at least some of these episodes predated the alleged incident with respondent, during which time Arielle had access to and had watched pornographic movies. It also appears that Arielle previously had accused a babysitter of fondling her in a similar manner. Thus, there were other avenues via which Arielle could have become sexualized at such an early age (*see, Matter of Stephen GG.*, *supra* at 653). In short, based upon our review of the record as a whole, we simply cannot say that Arielle's out-of-court statements were sufficiently corroborated and, accordingly, we would reverse Family Court's finding of abuse and dismiss the underlying petition.

Mercure, J.P., concurs. Ordered that the order is affirmed, without costs.

---

* Respondent recounted the events of the evening leading up to the episode of alleged abuse in a manner consistent with the child's recollection of such events, excluding the actual touching. By all accounts, respondent was highly intoxicated on the evening in question, and he claimed to have no recollection of the child being in bed with him.