■ In the Matter of DANIELLE L., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES L., Appellant. (Proceeding No. 1.) In the Matter of JACLYN L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES L., Appellant. (Proceeding No. 2.) [762 NYS2d 285] —In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Simeone, J.), entered May 23, 2002, which, after a

fact-finding hearing, found that he abused the child Danielle L. and derivatively neglected the child Jaclyn L., and released the children to the custody of the mother under the supervision of the Suffolk County Department of Social Services.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is dismissed.

By petition dated May 30, 2000, the petitioner alleged that the appellant father abused and/or neglected his then 16-year-old daughter Danielle, and derivatively neglected her younger sister, Jaclyn. A fact-finding hearing was conducted. Notwithstanding a court-ordered subpoena, Danielle refused to testify at the fact-finding hearing.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Pursuant to Family Court Act § 1046 (a) (vi), "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect." The out-of-court statements may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see Matter of Nicole V.,* 71 NY2d 112 [1987]). However, there is a threshold of reliability that the evidence must meet (*see Matter of Zachariah VV.,* 262 AD2d 719 [1999]). Moreover, "repetition of an accusation by a child does not corroborate the child's prior account of it" (*Matter of Francis Charles W., Jr.,* 71 NY2d 112, 124 [1987]).

Under the facts of this case, the Family Court erred in finding that Danielle's hearsay statements were sufficiently corroborated. In the absence of sufficient corroboration, the petition must be dismissed. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.