In the Matter of KAYLA F. and Another, Children Alleged to be Abused and/or Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL F. et al., Appellants. [833 NYS2d 742]—

Kane, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered June 5, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be abused and/or neglected.

Respondents are the parents of two children, Kayla and Richard (born in 1999 and 1996, respectively). Respondent Michael F. (hereinafter the father) was on probation as a result of his conviction of unlawful surveillance in the second degree for secretly photographing girls undressing in the locker room of the high school where he worked. One condition of his probation was that he not be responsible for the care of any child under the age of 17 without prior permission from his probation officer, but he was permitted to continue residing in the family home with his children. School personnel contacted petitioner after Kayla, who was receiving special education services and

had been diagnosed with anxiety and selective mutism, allegedly told a counselor that she had recently been alone with her father and that he put his penis between her legs. When petitioner's caseworker and a police detective interviewed Kayla, she told them that she recently went for a car ride alone with her father, but she did not disclose any sexual contact. In an interview with the caseworker and detective, Richard disclosed that Kayla recently took a ride alone with their father and that Richard had twice been alone with him.

Petitioner filed a petition alleging that both children were abused and neglected by respondents. Following a fact-finding hearing, Family Court found that the father abused Kayla and derivatively neglected Richard. The court held that respondent Mindy F. (hereinafter the mother) neglected both children by permitting the father to be alone with them. Respondents now appeal.

A child's unsworn out-of-court statements relating to abuse or neglect are admissible at a fact-finding hearing, but a finding of abuse or neglect can only be based on those statements if they are sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]). While "[a]ny other evidence tending to support the reliability of the previous statements" may constitute sufficient corroboration (Family Ct Act § 1046 [a] [vi]), the evidence must still meet a threshold of reliability (*see Matter of Stephen GG.*, 279 AD2d 651, 652 [2001]). One child's consistent repetition of a statement to multiple persons is not sufficient corroboration (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Jared XX.*, 276 AD2d 980, 981 [2000]), but statements of different children regarding the same incidents can cross-corroborate each other (*see Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *Matter of Kelly F.*, 206 AD2d 227, 229-230 [1994]).

Here, the evidence was insufficient to corroborate Kayla's statement to her school counselor that her father put his penis between her legs. No medical evidence was presented. The interviews with the caseworker and detective confirmed that Kayla was alone with the father on one occasion, but contradicted any allegations of abuse. Although Kayla's teacher previously observed her playing with dolls in a possibly sexual manner, petitioner did not present any expert testimony to interpret this play or link it to sexual abuse (*compare Matter of Jessica DD.*, 234 AD2d 785, 786 [1996], *lv denied* 89 NY2d 812 [1997]). Similarly, no expert validation testimony established a connection between Kayla's acting-out behavior and possible sexual abuse (*see Matter of Kalifa K.*, 37 AD3d 1180 [2007]; *Matter of Sasha R.*, 24 AD3d 902, 903 [2005]; *Matter of Douglas NN.*, 277

AD2d 749, 750 [2000]; *Matter of Zachariah VV.*, 262 AD2d 719, 720 [1999], *lv denied* 94 NY2d 756 [1999]; *compare Matter of Katje YY.*, 233 AD2d 695, 696 [1996]). It seems unlikely that such a connection could have been made in any event, as her behavior varied both before and after the alleged abuse, was generally unpredictable and some of it could be explained by her diagnosed developmental disabilities (*compare Matter of Stephen GG., supra* at 653-654). While Family Court could draw a strong inference against the father due to his failure to testify (*see Matter of Antonio NN.*, 28 AD3d 826, 827 [2006]; *Matter of Evan Y.*, 307 AD2d 399, 399 [2003]), that inference cannot establish corroboration where it otherwise does not exist (*compare Matter of Jared XX., supra* at 983). While we share Family Court's concern about the accusation by this child and her bizarre behavior, the evidence failed to adequately corroborate Kayla's one out-of-court statement alleging sexual contact. Consequently, the court's finding that the father abused Kayla was not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). As the finding that the father derivatively neglected Richard was based on the abuse determination, that finding must be reversed as well.

Petitioner's case against the mother rests on the proposition that she neglected the children by permitting them to be alone with the father. To establish neglect, actual injury is not necessary, but petitioner was required to prove by a preponderance of the evidence that the children's physical, mental or emotional condition had been harmed or was in imminent danger of injury or impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Antonio NN. supra* at 827; *Matter of Markus MM.*, 17 AD3d 747, 748 [2005]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]). While one parent permitting the children to have contact with the other parent in violation of an order of protection may be, but is not automatically, sufficient to establish neglect (*see Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]), there was no order of protection here. Unlike a situation with an order of protection, where a court has determined that some adult may pose a threat to the children and the parent is thus given warning of a possible danger (*see Matter of Cadejah AA.*, 25 AD3d 1027, 1028 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Frank Y., supra* at 741; *Matter of Maryann NN.*, 244 AD2d 785, 787-788 [1997]), the father's conditions of probation do not indicate that County Court viewed him as a threat to his own children. The conditions of probation prohibited him from being responsible for the care of children under 17 without permission from his probation officer, but specifically allowed him to have full contact with and live in the

same house as his own children. School personnel did not inform the mother of any allegations of sexual abuse. The mother testified that she had never witnessed any type of sexual contact between the father and either child, leaving her with no personal reason not to trust him with the children (*compare Matter of Notorious YY.*, 33 AD3d 1097, 1098 [2006]). Although the mother was aware of the father's criminal conviction* and his conditions of probation, and even if she permitted him to be alone with their children, there was no proof that she failed to exercise the care of a reasonably prudent parent or placed the children in imminent harm by leaving them alone with their father on a few occasions (*compare Matter of Shannon ZZ., supra* at 701). Accordingly, the neglect findings against the mother should be reversed.

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, without costs, and petition dismissed.

 ---

* The crime to which the father pleaded guilty is not defined as a sex offense under the Sex Offender Registration Act (*see* Correction Law § 168-a [2] [e]; Penal Law § 250.45 [1]).