▮ In the Matter of AFTON C., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES C. et al., Appellants. (Proceeding No. 1.) In the Matter of KATY C., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES C. et al., Appellants. (Proceeding No. 2.) In the Matter of OSTYN C., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES C. et al., Appellants. (Proceeding No. 3.) In the Matter of PRESTYN C., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES C. et al., Appellants. (Proceeding No. 4.) In the Matter of TREVOR C., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES C. et al., Appellants. (Proceeding No. 5.) [896 NYS2d 465]—

In five related neglect proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of a fact-finding order of the Family Court, Dutchess County (Sammarco, J.), entered February 24, 2009, as, after a hearing, found that he neglected the subject children, and the mother separately appeals from so much of the same order as found that she neglected the subject children.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.

The petitioner Dutchess County Department of Social Services (hereinafter DSS) filed neglect petitions pursuant to Family Court Act article 10 against the father and the mother alleging that the father was an "untreated" level three sex offender

who, after his release, had returned to the family home wherein the subject children resided, and that the mother, by allowing the father to return to the home, failed to protect the subject children. Following a fact-finding hearing, the Family Court found that the parents had neglected the subject children. The attorney for the subject children Afton C., Katy C., Ostyn C. and Prestyn C., joins the parents in urging reversal of the fact-finding order appealed from.

Family Court Act § 1012 (f) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]).

Here, DSS failed to establish by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]) that the father's presence in the home had impaired the subject children's physical, mental, or emotional well-being, or placed them in imminent danger of such impairment (see Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). The mere fact that a designated sex offender resides in the home is not sufficient to establish neglect absent a showing of actual danger to the subject children (see Matter of Kayla F., 39 AD3d 983, 985-986 [2007]; Matter of Krista L., 20 AD3d 783, 785 [2005]; see also Matter of Cornell v Cornell, 290 AD2d 735, 737 [2002]; cf. Matter of Anndrena A., 13 AD3d 1164, 1164-1165 [2004]; Matter of Dutchess County Dept. of Social Servs. v Peter B., 224 AD2d 617, 617-618 [1996]). Although the Family Court could properly consider the parents' evasiveness in their testimony and the father's invocation of his Fifth Amendment privilege (see generally Kayla F., 39 AD3d at 985; Matter of Nathaniel II., 18 AD3d 1038, 1039 [2005]), the evidence was insufficient to establish that the father posed an imminent danger to the children. Since DSS did not establish that the father posed a danger to the subject children, it follows that the mother did not neglect the children by allowing the father to reside in their home. Accordingly, the Family Court erred in finding that the parents had neglected the subject children.

The father's challenge to the order of protection dated February 24, 2009, is not properly before this Court as he failed to appeal from that order. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.