■ In the Matter of IYONTE G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Pro-

ceeding No. 1.) In the Matter of NYASIA D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Proceeding No. 2.) In the Matter of JACOB R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Proceeding No. 3.) In the Matter of CHARLIE R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Proceeding No. 4.) In the Matter of CALIK R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Proceeding No. 5.) In the Matter of CHANDLER E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHARLES J.R., Appellant. (Proceeding No. 6.) [918 NYS2d 519]—

The instant controversy arises from an out-of-court statement made by Iyonte G., then eight years old, to her mother, Lynn G., to the effect that her stepfather put his penis in her mouth and made a crude and obscene comment with respect to what he wanted Iyonte G. to do to him. The Administration for Children's Services (hereinafter the petitioner) filed a sexual abuse petition against the stepfather for sexually abusing Iyonte G., and derivative sexual abuse petitions with regard to Iyonte G.'s sister, Nyasia G., then six years old, and the other subject children, who are the stepfather's biological children.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Pursuant to Family Court Act § 1046 (a) (vi), "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect." The out-of-court statements may be corroborated by "[a]ny other evidence

tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]). However, "there is a threshold of reliability that the evidence must meet" (*Matter of Danielle L.*, 307 AD2d 294, 295 [2003]; *see Matter of Kayla F.*, 39 AD3d 983, 984 [2007]; *Matter of Stephen GG.*, 279 AD2d 651, 652 [2001]; *Matter of Zachariah VV.*, 262 AD2d 719 [1999]). Moreover, "repetition of an accusation by a child does not corroborate the child's prior account of it" (*Matter of Francis Charles W.*, 71 NY2d 112, 124 [1987]; *see Matter of Christina F.*, 74 NY2d 532, 537 [1989]; *Matter of Kayla F.*, 39 AD3d at 984; *Matter of Danielle L.*, 307 AD2d at 295; *Matter of Jared XX.*, 276 AD2d 980, 981 [2000]).

Under the facts of this case, the Family Court erred in finding that Iyonte G.'s out-of-court statements were sufficiently corroborated. While the Family Court could properly draw a strong inference against the stepfather for failing to testify (*see Matter of Joseph C.*, 297 AD2d 673 [2002]; *Matter of Jenny N.*, 262 AD2d 951 [1999]), "that inference cannot establish corroboration where it otherwise does not exist" (*Matter of Kayla F.*, 39 AD3d at 985).

Since the finding of derivative abuse regarding the remaining five children was based on the abuse determination with respect to Iyonte G., that finding, too, is unsupported by the evidence (*see Matter of Kayla F.*, 39 AD3d 983 [2007]; *Matter of Kymberlee P.*, 231 AD2d 526, 527 [1996]).

In the absence of sufficient corroboration, the petitions must be dismissed. Florio, J.P., Eng, Leventhal and Hall, JJ., concur.