In two related child protective proceedings pursuant to Family Court Act article 10, the Administration for Children’s Services appeals from an order of the Family Court, Kangs County (Weinstein, J.), dated July 22, 2011, which, after a fact-finding hearing, dismissed the petitions.
Ordered that the order is affirmed, without costs or disbursements.
In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). To satisfy this standard, “ ‘Family Court Act § 1046 (a) (vi) allows the child’s prior out-of-court statements relating to the abuse or neglect to be introduced into evidence, provided that these hearsay statements are corroborated, so as to ensure their reliability’ ” (Matter of Tristan R., 63 AD3d 1075, 1076 [2009], quoting Matter of Department of Social Servs. v Waleska M., 195 AD2d 507, 509 [1993]; see Matter of Nicole V., 71 NY2d 112, 123 [1987]; Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 798 [2011]; Matter of Frank F., 12 AD3d 601 [2004]; Matter of Khadryah H., 295 AD2d 607 [2002]). There is, however, a “threshold of reliability that the evidence must meet” (Matter of Iyonte G. [Charles J.R.], 82 AD3d 765, 767 [2011]; see Matter of Jeshaun R. [Ean R.], 85 AD3d at 798; Matter of Jaclyn L., 307 AD2d 294 [2003]). The Family Court has “ ‘considerable discretion to decide whether the child’s out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated’ ” (Matter of Candace S., 38 AD3d 786, 787 [2007], quoting Matter of Christina F., 74 NY2d 532, 536 [1989]; see Matter of Nicole V., *745 71 NY2d at 119; Matter of Tristan R., 63 AD3d at 1077). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (see Matter of Candace S., 38 AD3d 786 [2007]; Matter of Sylvia J., 23 AD3d 560 [2005]).
Here, with regard to the allegations of abuse and neglect against the father, the Family Court properly found that the out-of-court statement of his daughter, Jada K.E., regarding sexual conduct was not sufficiently corroborated by other evidence tending to support the reliability of that statement. Contrary to the petitioner’s contentions, neither the out-of-court statements of the father’s other daughter, Yamila E., nor the drawing produced by Jada K.E., constituted reliable corroboration. While out-of-court statements of siblings may be used to cross-corroborate one another (see Matter of Tristan R., 63 AD3d at 1076), Yamila specifically denied any sexual behavior and insisted that Jada K.E. was lying. Moreover, although Jada K.E.’s drawing was arguably a visual representation of her out-of-court statement, it was made at the same time she made her lone accusation of abuse and was made at the request of the detective who was interviewing her. Under these circumstances, the drawing was simply a repetition of the accusation, which did not serve to corroborate her prior account (see Matter of Nicole V., 71 NY2d at 124; see Matter of Zachariah VV., 262 AD2d 719, 720 [1999]). As there was no other evidence tending to corroborate Jada K.E.’s out-of-court statement, the Family Court properly dismissed so much of the petitions as alleged abuse and neglect by the father (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798 [2011]; Matter of Iyonte G. [Charles J.R.], 82 AD3d 765 [2011]; Matter of Kayla F., 39 AD3d 983 [2007]; Matter of Jaclyn L., 307 AD2d 294 [2003]).
Furthermore, the Family Court properly dismissed so much of the petitions as alleged neglect by the mother. While the mother permitted the father to transport her and the children home from day care one afternoon, in violation of an order of protection, “a violation of an order of protection, standing alone, is insufficient to establish neglect” (Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1217 [2011]; see Matter of Andre G., 64 AD3d 913, 915 [2009]). Under the circumstances here, where an emergency situation was presented and where the father’s exposure to the children was minimal, the Family Court correctly determined that the mother did not engage in conduct that impaired or threatened the physical, mental, or emotional well being of the children (see Matter of Julianne XX., 13 AD3d 1031, 1032 [2004]).
*746 The petitioner’s remaining contentions are without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.