Matter of Jason C. (Kenya M.) (2019 NY Slip Op 05659)





Matter of Jason C. (Kenya M.)


2019 NY Slip Op 05659


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10227
 (Docket No. N-16751-17)

[*1]In the Matter of Jason C. (Anonymous), Jr. Administration for Children's Services, respondent; Kenya M. (Anonymous), appellant.


Heath J. Goldstein, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron Bloom and Nwamaka Ejebe of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Susan Clement, JoAnn LeBright, and Mikos Theodule of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Margaret Morgan, J.), dated July 24, 2018. The order, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. After a fact-finding hearing, the Family Court found by a preponderance of the evidence that the mother neglected the child as alleged in the petition. The mother appeals.
Giving deference to the Family Court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777; Matter of Dylan G. [Victor M.], 119 AD3d 786, 787), the evidence, viewed in its entirety, was sufficient to support the court's neglect determination. The evidence included, inter alia, proof of: the mother's failure to comply with her medication and therapy regimen to address her mental health issues, despite the fact that she had been hospitalized and suffered from panic attacks and hallucinations, and exhibited aggressive behavior when not on her medicine; her poor judgment in allowing the child to stay at the father's home, which she had never visited, even after she was told that he was living with convicted felons; and her prior history of neglecting her four other children with respect to whom ultimately she lost or surrendered her parental rights (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; see also e.g. Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691; Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1269; Matter of Michael VV. [Arthur VV.], 68 AD3d 1210, 1211-1212; cf. e.g. Matter of Afton C. [James C.], 71 AD3d 887, 888, affd 17 NY3d 1; Matter of H. Children, 156 AD2d 520, 520).
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court